## FRANKLIN *et al.* v. APPEL.

Defendant was appointed deputy state veterinarian, and as such attempted, under Session Laws 1893, Chap. 172, as amended by Session Laws 1895, Chap. 183, to collect inspection fees from plaintiffs, who

were shippers of live stock to points outside the state. Plaintiffs, upon a complaint setting forth these facts, and alleging the act to be unconstitutional, prayed an injunction restraining the deputy from interfering with plaintiff's shipments. *Held* that, if the act is unconstitutional, the defendant is a mere trespasser, and the plaintiffs have a plain remedy at law, and the equitable remedy of injunction should not be granted.

(Opinion filed Dec. 21, 1897.)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Injunction. Defendant was perpetually restrained, and he appeals. Reversed.

The facts are stated in the opinion.

*Schrader & Lewis*, for appellant.

FULLER, J. Upon the pleadings, the court entered judgment perpetually restraining the defendant, the duly appointed, qualified, and acting deputy state veterinarian for Pennington county, from collecting, or attempting to collect, the inspection fees provided for in chapter 172 of the Session Laws of 1893, as amended by chapter 183 of the Session Laws of 1895, which makes it the duty of the state veterinary surgeon to select and appoint a deputy for each county having a public record of stock brands, and where live stock is allowed to run at large on open ranges, provided a petition is presented, signed by at least 50 residents of said county, indorsed by the county commissioners. "Every deputy so appointed shall collect for every inspection made from the owner or shipper for whom such inspection is made a fee not to exceed two (2) cents per head for horses or cattle and not to exceed fifty (50) cents per car load of any other stock, which fee he shall immediately pay over to the treasurer of the said county in which he is located and take his receipt for the same at the expiration of each week, and in case any owner or shipper shall refuse to pay the inspection fees, the state veterinary surgeon or his deputy shall take out of the stock inspected and retain in his possession one or more animals sufficient to cover inspection fees together with all ac-

cruing costs of taking, keeping, advertising and selling the same, and if not redeemed by the owner or shipper within five days after such taking, the stock to be sold under the same regulations as required by law for impounded stock, the proceeds of the sale to be applied as stated above, and if any surplus money is left after all expenses are paid the surplus to be returned to the owner or shipper by the state veterinary surgeon or his deputy conducting the sale." From the complaint, to which a demurrer was interposed and overruled, and upon which the court granted a permanent injunction, it clearly appears that the defendant is a *de facto*, if not a *de jure*, officer, exercising, in strict conformity with the statute, the functions of a public officer, and that plaintiffs are stock growers and residents of a county, the existing conditions of which authorize the appointment of a deputy veterinay surgeon, and that, as such deputy the defendant threatens to inspect cattle owned and being shipped by plaintiffs to a market beyond the limits of this state, and that he will, unless restrained by the court, attempt to enforce the payment of such inspection fee in the manner provided by law. While it is alleged in the complaint that the act is unconstitutional and void, there is nothing in the record to indicate that the judgment of the trial court is based upon that ground; and, without the assistance of a brief on the part of plaintiffs, we are reluctant to consider the point, and prefer to treat as controlling the very obvious fact that plaintiffs have a plain, speedy, and adequate remedy at law. As appellant is charged with the duty of executing a public statute for the protection and benefit of the public, which, if unconstitutional, would render him a mere trespasser, amenable to the law, a court of equity ought not to restrain his action, and the judgment appealed from is reversed.